IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARY J. GRAY,

        Plaintiff,

vs.

        Case No. 03-1464-JTM

JO ANNE BARNHART, COMMISSIONER
OF SOCIAL SECURITY,

        Defendant.

MEMORANDUM AND ORDER

Plaintiff Mary Gray has applied for supplemental security income benefits.  Her application was denied by the ALJ on November 26, 2002, a decision affirmed by the Appeals Council on October 27, 2003.  There are five allegations of error by Gray.  First, that the ALJ improperly failed to consider her subjective complaints of pain.  Second, that the ALJ erred in determining an RFC for Gray which was not supported by substantial evidence.  Third, that the ALJ erred in failing to properly evaluate the effects of her gastro-instestinal disease.  Fourth, that the ALJ failed to adequately explain the weight given the testimony of the vocational expert.  Fifth, the ALJ failed to properly evaluate the severity of her mental illness.

Plaintiff-claimant  was born on February 15, 1963.  She has stated that she became disabled beginning January 18, 2000.  She has education equivalent to high school, and no vocationally- relevant work experience.  She has previously worked as a cook, laundress, baker, dishwasher, telephone solicitor, and telephone answerer. She has cited a variety of ailments, including hypothyroidism; goiter;

lupus; hiatal hernia; acid reflux; celiac disease; irritable bowel syndrome (IBS); kidney problems; heart problems; occasional stomach bile; pain in her back, joints, and stomach; shortness of breath; fatigue; headaches; blurred vision; and an inability to tolerate sunlight. The detailed facts of the case, which are incorporated herein, are set forth independently in the ALJ's opinion (Tr. 20-29), and the brief of Gray (Dkt. No. 11, at 3-15), and set forth seriatim in the argument section of the Commissioner's response (Dkt. No. 12, at 3-12).

The ALJ concluded that Gray was severely impaired due to varied ailments, but that the impairments did not meet or equal any listed impairment. The ALJ concluded that Gray had an RFC which would permit her to perform light, unskilled or low-level semi-skilled, non-physically stressful job tasks with a sit/stand option.

The ALJ did not err in discounting Gray's subjective complaints of pain. The assessment of a claimant's credibility is for the ALJ. *Hamilton v. Secretary of HHS*, 961 F.2d 1495, 1499 (10th Cir. 1992). This court will not substitute its judgment as to a claimant's credibility, where that finding is founded on substantial evidence. *See Casias v. Secretary of HHS*, 933 F.3d 799 (10th Cir. 1991). Here, the ALJ agreed that given Gray's medical history, she would and did experience some degree of pain; he concluded, however, that Gray's statements as to the degree of pain were not credible.

The ALJ noted several facts in support of this conclusion. First, the ALJ noted that for many years of her history, Gray "had absolutely no earning whatsoever, even during years when she does not allege total disability." (Tr. 26). Gray's record of work led the ALJ to doubt Gray's general credibility as to her work incentive. (Id.). Second, the ALJ noted that no treating doctor of Gray ever found that she was totally barred from working (Tr. 26), a legitimate factor in assessing credibility. *See Kelley v. Chater*, 62 F.3d 335 (10th Cir. 1995). Instead, the treatment records tend to show a full range of motion with normal reflexes and sensation. The ALJ noted that these findings were corroborated by the

2

findings of the consulting physician, and that together the medical evidence was "widely inconsistent" with the subjective complaints of the claimant. (Tr. 27). Third, the ALJ noted the timing of the alleged disability was close to Gray's admission to Mount Carmel Medical Center for abdominal pain, and that the tests conducted at that time showed only mild gastritis. Fourth, the ALJ noted that Gray remained at work at her telemarketing job for several months after the alleged disability, and that she left that job not because of any impairment, but because the business closed. Fifth, the ALJ accurately noted inconsistencies in Gray's own statements about the history of her symptomology. Given the evidence, the court is unable to find that the ALJ erred in his assessment of Gray's credibility, and the court finds no basis for concluding that the ALJ's conclusion rests on any impermissible considerations.

Gray contends that the ALJ erred in assessing her RFC, suggesting that the opinion of the agency doctors that Gray's impairments would last some twelve months was mere speculation. But there is no indication that these opinions played any role in the RFC finding of the ALJ. That RFC finding is supported by substantial medical evidence, as summarized by the ALJ:

> no treating physician had ever opined that Plaintiff was totally precluded from engaging in work-related activity. To the contrary, treating physicians repeatedly reported findings upon multiple physical examinations wherein claimant demonstrated full musculoskeletal range of motion with normal reflexes and sensation. Such findings are suggestive of a physical capacity for at least a range of light exertional work ... activity and strongly support Dr. Subramanian's consultative assessment of claimant ability to perform numerous basic physical work-related activities"

(Tr. 26-27). Substantial medical evidence existed in the record which supports the RFC determination of the ALJ.

Nor did the ALJ err in failing to consider the effect of Gray's gastrointestinal complaints. The ALJ clearly recognized the presence of the complaints, noting that medical evidence demonstrated the presence, among other ailments, of "short bowel vs irritable bowel syndrome [and] gastric esophasgitis."

3

(Tr. 20. See also Tr. 23). Gray does not meet Listing 5.07, a listed impairment for regional enteritis, because the evidence does not show that Gray has had recurrent problems with intestinal obstructions.

Gray complains that the ALJ failed to explain the weight given the testimony of the vocational expert, who stated that, if Gray could not maintain regular work attendance, she would have been precluded from all work. The ALJ posed a number of hypothetical questions to the vocational expert, assuming a variety of impairments. (Tr. 293-95). But the ALJ explicitly excluded an inability to maintain regular attendance from his recounting the expert's testimony (Tr. 29) for the manifest reason that Gray's subjective assertion of an inability to maintain regular work was not credible.

Finally, the court finds that the ALJ did not err by failing to properly evaluate the severity of Gray's mental illness, and failed to make specific findings regarding her impairment. In her application for benefits, Gray did not allege any mental impairment. (Tr. 75). Nevertheless, the ALJ noted Gray had mild dysthymia (Tr. 20), which he considered using the psychiatric review technique, and he noted the assessments provided by Dr. Mintz, a psychological specialist, who stated that Gray had fair concentration, could understand simple and intermediate instructions, and could relate adequately to co-workers and supervisors. The ALJ concluded Gray had a mild restriction in her activities of daily living, no difficulties in maintaining social functioning, and mild-to-moderate difficulties in maintaining concentration, persistence, or pace, and limited Gray to unskilled or low-level semi-skilled job tasks that were not physically stressful. (Tr. 21, 28). The court finds that the ALJ adequately considered Gray's asserted mental impairments.

IT IS ACCORDINGLY ORDERED this 23rd day of March, 2005, that the appeal of the plaintiff-claimant Gray is hereby denied, and the decision of the Commissioner is affirmed.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE